```
Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
Robert McDonald
```

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert McDonald, | ) Case No.: 10-cv-1272 |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| Credit Control Corp., | ) |
| Defendant. | ) |

# PLAINTIFF'S COMPLAINT

Robert McDonald (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against CREDIT CONTROL CORP. (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

## PARTIES

5. Plaintiff is a natural person residing in Mesa, Maricopa County, Arizona.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

7. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

8. Defendant is a collection agency with an business office in Newport News, Virginia.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

11. Defendant placed approximately one (1) collection everyday to Plaintiff over the past six to nine months.

12. Defendant placed collection calls to Plaintiff at telephone number 480-703-7449.

13. Plaintiff was forced to change his telephone number because of Defendant's repeated calls.

14. Defendant implied to Plaintiff that Plaintiff was a deadbeat.

15. Defendant disclosed the existence of the alleged debt to Plaintiff's father.

16. Defendant told Plaintiff that Defendant was going to take 'additional' actions against the Plaintiff.

17. Defendant continuously shouted at Plaintiff during numerous collection calls.

# COUNT I
# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and failing to identify themselves, or failed to state that collector is confirming or correcting location information.

    b. Defendant violated *§1692b(2)* of the FDCPA by contacting a third party and stating that the consumer owes any debt.

    c. Defendant violated *§1692c(a)(1)* of the FDCPA by contacting Plaintiff at a time and place known to be inconvenient.

    d. Defendant violated *§1692c(B)* of the FDCPA by contacting anyone except consumer, consumer's attorney, or credit bureau concerning the debt.

    e. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of this is to harass, abuse, and oppress the Plaintiff.

    f. Defendant violated *§1692d(2)* of the FDCPA by using abusive language in an attempt to collect the alleged debt.

    g. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    h. Defendant violated *§1692e* of the FDCPA by making false, deceptive, and misleading representations in connection with the debt collection.

    i. Defendant violated *§1692e(5)* of the FDCPA threatening to take any action against Plaintiff that cannot legally be taken or that is not intended to be taken.

    j. Defendant violated *§1692e(10)* of the FDCPA by making false representation or using deceptive means in an attempt to collect a debt.

WHEREFORE, Plaintiff, ROBERT McDONALD, respectfully requests judgment be entered against Defendant, CREDIT CONTROL CORP., for the following:

19. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

21. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ROBERT MCDONALD, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  June 16, 2010            KROHN & MOSS, LTD.


By: /s/ Ryan Lee

Ryan Lee
Attorney for Plaintiff

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF ARIZONA

     Plaintiff, ROBERT McDONALD, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

     Pursuant to 28 U.S.C. § 1746(2), I, ROBERT McDONALD, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE:_____     _____

                                                         ROBERT McDONALD